David F. Lee, Jr., J.
This is a proceeding pursuant to sections 123 and 124 of the Alcoholic Beverage Control Law. By way of an order to show cause the petitioners, as taxpayers, seek an order:
“ (a) annulling, revoking and setting aside that determination of the respondent, New York State Liquor Authority, which approved the application of Joseph J. DiStefano for a package liquor store license for premises located at 10 West Railroad Street in the City of Norwich, County of Chenango, State of New York;
“ (b) prohibiting and enjoining the respondent, Joseph J. DiStefano, from engaging or participating in the unlawful sale of liquor, wine and other alcoholic beverages, at premises located at 10 West Railroad Street in the City of Norwich, County of Chenango, State of New York, without having first legally obtained an off-premise retail package store license pursuant to the provisions of the Alcoholic Beverage Control Law;
“ (c) prohibiting and enjoining the respondent, New York State Liquor Authority, from executing and/or issuing any retail package store license to the aforesaid Joseph J. DiStefano authorizing the conduct and operation of a retail package liquor store at 10 West Railroad Street in the City of Norwich, County of Chenango, State of New York, and for such other and further relief as to this Court may seem just and proper, together with the costs and disbursements of this proceeding.”
On December 21, 1964 the respondent, Joseph J. Di Stefano, filed with the Chenango County Alcoholic Beverage Control Board an application for a retail package store license for premises located at 102 East Main Street, Norwich, New York, which was approved by the Chenango County Board. On March 24, 1965, the application was disapproved by the State Liquor Authority. A memorandum of that date states:
“Application is disapproved.
*969 “ The Members of the Authority determine that public convenience and advantage will not be served by the approval of this applicant into this location.
‘ ‘ Such disapproval is, however, without prejudice to filing an amended application for an approvable location.”
The respondent Di Stef ano on November 29, 1965 filed an application for a retail liquor store license for premises at 8 West Railroad Street, Norwich, New York. This application was unanimously approved by the Chenango County Board, and on December 15, 1965 the Zone II Licensing Board recommended disapproval of the application as ‘ ‘ public convenience would not be served.”
The answer of the respondent Authority alleges: “ That on December 22, 1965 the Package Review Committee of the State Liquor Authority questioned that public convenience and advantage would be promoted by the issuance of this amended application ” and further alleges: “ That on January 19, 1966 the Members of the Authority, at a regular meeting, determined: Application approved. The Members of the Authority have considered all of the facts and circumstances of this package liquor store application and determine in the exercise of their sound judgment and discretion that public convenience and advantage would be served by the approval of this package store at this location.”
The respondent State Liquor Authority has issued an off-premises license to the respondent Joseph J. Di Stef ano.
The affidavit of the licensee respondent in answer to the petition includes reference to an article 78 proceeding, as does the memorandum submitted on behalf of the petitioners.
The present proceeding is under section 123 of the Alcoholic Beverage Control Law and is to be distinguished from an article 78 proceeding (Alcoholic Beverage Control Law, § 121). Section 124 of the Alcoholic Beverage Control Law directs that the Authority be made a party to the proceeding authorized by section 123 making the proceeding one in which the Authority’s action may be reviewed and an unlawfully issued license revoked. This section 123 proceeding opens up for review the issue of whether or not the license of the licensee respondent was unlawfully issued, whether or not the Authority considered public convenience and advantage in granting the license.
There has been submitted with the petition in this proceeding an affidavit of one of the petitioners setting forth the purchase price of his retail liquor store business and the amount of his investment since that time. The affidavit also sets forth, upon information and belief, the purchase price of the retail liquor *970 stores of other petitioners, though these proceedings are brought by petitioners as taxpayers. A competitor has standing under section 123 of the Alcoholic Beverage Control Law to contest the issuance by the Authority of a liquor store license, however, the element of competition, the financial investment of a petitioner in his own package store and the possible economic loss he may be caused by granting a package store license to a licensee respondent are not material or proper factors for consideration by the court. “ As the Legislature itself has proclaimed, it is the public convenience and advantage that must be served and promoted (Alcoholic Beverage Control Law, § 2).” (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 526.) “ The economic interest of the existing licensees in an industry does not entitle them to be heard as a matter of constitutional right before additional members are admitted to the industry * * *. The due process clause does not guarantee freedom from the economic injury which may result from competition (Hegeman Farms Corp. v. Baldwin, 293 U. S. 163, 170-171).” (Matter of Dairymen’s League Co-op. Assn. v. Du Mond, 282 App. Div. 69, 73-74, app. dsmd. 306 N. Y. 595.)
The petition alleges, “ Bulletin No. 390 has been, as of December 1, 1964, incorporated into and made a part of amended Bule 17.” This allegation is admitted by the Authority in its answer, and there are other allegations in the petition as to “ Bule 17.” The Court of Appeals in Cantlin v. State Liq. Auth. (16 N Y 2d 155,163) decided July 9, 1965, stated: “ Bule 17, in its express language as well as its over-all purpose, neither thwarts nor seeks to avoid the prescribed standard of ‘ public convenience and advantage And, as observed below, the courts may not assume that the Authority will act improperly in the future in the issuance of licenses or that rule 17 will somehow prevent or affect a proper determination by the Authority as to whether a particular application meets the statutory standard. Suffice it so say, at this point, that the challenged rule is both within the Authority’s power and consonant with the purpose and provisions of the statute.”
The Authority must decide each application on its own merits and find, before granting an application that public convenience and advantage will be promoted. The question for determination here is whether or not the Authority considered the application of licensee respondent on its own merits and found, before granting the application that public convenience and advantage would be promoted, or if the application was granted not upon its own merits,‘but upon some predetermined policy of unrestricted issuance of licenses. If the Authority in fact made a *971 determination of public convenience and advantage, the court may not substitute its judgment for that of the Authority.
The Court of Appeals in Matter of Forman v. New York State Liq. Auth. (17 N Y 2d 224, 229, 230, decided April 28, 1966), Chief Judge Desmond writing for the court, stated:
“ Several propositions have been settled by recent decisions of this court. In Matter of McNulty v. State Liq. Auth., 17 N Y 2d 434) we confirmed that a competitor has standing under section 123 of the Alcoholic Beverage Control Law to contest the grant by the Authority of a liquor store license. In previous decisions we had ruled that the Authority must as to each such application weigh and determine ‘ public convenience and advantage ’ (Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518; Matter of Hub Wine & Liq. Co. v. State Liq. Auth., 16 N Y 2d 112; Cantlin v. State Liq. Auth., 16 N Y 2d 155, 162, 163). In the Hub decision we had stated also that it was unnecessary for the Authority in these cases to make specific findings of fact. Beading all these cases together leaves no doubt that the Authority when challenged in court, although it need not produce ‘ findings ’ of the conventional sort, must show forth a rational basis for its conclusion as to ‘ public convenience and advantage. ’ The right of a competitor to challenge the grant would be meaningless unless the reasons had to be set forth with clarity (see Securities & Exch. Comm. v. Chenery Corp., 332 U. S. 194, 196, 197; cf. Matter of Scudder v. O’Connell, 272 App. Div. 251, 253, 254).
* * *
“ Public convenience ’ necessarily refers to the accessibility of stores and involves considerations of distance, overcrowding of present facilities, etc. Public advantage ’ is a broader term which brings into play social and similar problems, and involves the State’s general policy as to the sale of alcoholic beverages for off-premises consumption. That general public policy, as stated in section 2 of the Alcoholic Beverage Control Law, is to regulate the manufacture and distribution of alcoholic beverages for the purpose of fostering and promoting temperance and respect for and obedience to law.”
The Authority’s answer to the petition includes a number of exhibits, and the memorandum submitted on behalf of the Authority states: “ The Authority has interposed an answer which consists of the entire record it possessed in arriving at its determination.” Included as exhibits are copies of the applications of licensee respondent, the report of investigation and digest sheet of the Chenango County Board, the Authority’s zone office digest sheet, maps and sketches, memorandum, corre *972 spondence and other material. Those exhibits reveal that the number and location of existing licensed stores in the area were considered as well as the gross sales done by them, the population of the area, and other facts relevant to the application. The report of investigation and other exhibits show the retail liquor stores nearest to the premises of licensee respondent to be 1,700 feet, 2,200 feet, 2,800 feet and 3,200 feet. The digest sheet recommending approval asserts: “ This store will be located in area to which many new families are moving as well as other types of business. This location will be of convenience and advantage to the public.” Another exhibit submitted with the Authority’s answer, a memorandum of the Chenango County Board of December 10, 1965, relates:
“ The site of the proposed store is in a commercial neighborhood and there are no churches, schools or any thing of a similar nature within a distance of more than 2,0001 In recent months there has been a trend of more people moving to nearby streets, in fact, a new 70 unit apartment building has been erected and will be open for occupancy about January 10 of next year. It is expected that this development will be expanded to more than 125 units in the coming year. Other types of business are also moving into this area. * * *
“ For the above stated reasons, it is the unanimous decision of this Board that convenience and advantage to the public can best be served by the approval of this application.”
The answer of the Authority pleading that the Authority found public convenience and advantage would be promoted as to the location of the premises of licensee respondent is supported by the record before them.
The court concludes that the application of the licensee respondent Di Stefano was granted upon consideration by the Authority of public convenience and advantage. Accordingly, it may not be concluded that the Authority exceeded its powers, acted outside the law or failed to comply with the law upon approving and issuing the license of the licensee respondent.
The application to set aside and vacate the retail package store license issued to licensee respondent should be denied, and the petition dismissed, without costs.